UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                       CRIMINAL ACTION NO. 2:07-00029

**AMOS ELWOOD BARKER**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 21, 2017, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Amos Elwood Barker, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition and amendment thereto on supervised release submitted by United States Probation Officer Kara Dills.  The defendant commenced a 48-month term of supervised release in this action on June 25, 2015, as more fully set forth in the Supervised Release Revocation and Judgement Order entered by the court on June 3, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on December 6, 2017, for marijuana and on January 23, February 14 and 20, April 4 and 17, May 22, and July 7, 2017, for cocaine; (2) the defendant failed to refrain from the excessive use of alcohol as evidenced by his admission to the probation officer on December 6, 2016, that he consumed eight to ten beers and became intoxicated on November 26, 2016, and his admission to the probation officer on April 20, 2017, that he consumed alcohol excessively and then attempted to operate a motor vehicle on April 20, 2017, as evidenced by the defendant's stipulation on the record of the hearing that the government possesses sufficient proof to prove the violations by a preponderance of the evidence; (3) the defendant failed to report for drug treatment on May 18, 2017, as instructed by the probation officer; (4) the defendant failed to report for drug screening on June 9 and 13, 2017, as instructed by the probation officer; and (5) the defendant failed to pay restitution at the rate of $200 per month as directed by the court inasmuch as he began his term of

supervised release on June 25, 2015, and as of May 30, 2017, had only paid $489 towards restitution; all as admitted by the defendant on the record of the hearing with the exception of (2) as set forth above and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of forty-two (42) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated

by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend a period of six (6) months in a community confinement center, where he shall follow the rules and regulations of the facility and make himself available for drug abuse counseling and treatment as directed by the probation officer at Prestera or any substitute organization deemed acceptable by the probation officer.  The $30,132.14 restitution balance is hereby reimposed and the defendant shall make monthly restitution payments in the amount of $200 beginning two months after his stay in community confinement has concluded.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 24, 2017

John T. Copenhaver, Jr.
United States District Judge